UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA U. LEVY, | No. 2:13-cv-1360 TLN AC PS |
| Plaintiff, | |
| v. | ORDER AND |
| PUBLIC STORAGE CORP., | FINDINGS & RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3  490 U.S. at 327.

4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9  this standard, the court must accept as true the allegations of the complaint in question, Hospital

10 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12 McKeithen, 395 U.S. 411, 421 (1969).

13      Plaintiff alleges that on June 30, 2013, she, a Nigerian-American, was promised a storage

14 space for her over-sized suitcase at defendant's facility in Los Angeles, California.  When she

15 appeared in person to claim the storage space, she accuses two "Spanish-American" female

16 employees of defendant of breaching a contract, bullying her, defaming her, discriminating

17 against her, humiliating her, sexually harassing her, and traumatizing her after plaintiff presented

18 her personal identification card identifying her as disabled.  As a result of these actions, plaintiff

19 fell and injured her neck.  Plaintiff then claims that these two female employees retaliated against

20 plaintiff, as somehow evidenced by plaintiff being banned from entering the Central Library in

21 Santa Monica, California.

22      Plaintiff brings suit against defendant for breach of contract, bullying, defamation,

23 discrimination, false imprisonment, retaliation, sexual harassment, and trauma.  Plaintiff also

24 claims that she was discriminated against in a place of public accommodation, in violation of 42

25 U.S.C. § 12182. Plaintiff premises jurisdiction in this court on both diversity and subject matter

26 jurisdiction.  She seeks $10,000,000.00 in damages.

27      1.     Diversity Jurisdiction

28      Plaintiff alleges first that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

1  Compl. 3.  Generally, in an action where subject matter jurisdiction is premised on the diversity
2  statute, there must also be complete diversity of the parties, which means that all of the plaintiffs
3  have a different state of citizenship than all of the defendants.  See, e.g., Cook v. AVI Casino
4  Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008) ("We have jurisdiction only if [plaintiff], a
5  resident of California, has citizenship which is diverse from that of every defendant.")

6  Here, plaintiff alleges that the amount in controversy is $10,000,000.00.  However, even
7  accepting that rather conclusory allegation, plaintiff has not sufficiently alleged that the parties'
8  citizenship is completely diverse.  Specifically, she does not identify the state of residence for
9  either herself or defendant.  Without this information, plaintiff has failed to adequately establish
10  diversity jurisdiction.  See Marzan v. Bank of Am., 2010 WL 5110102, at *1 (D. Haw. Dec. 9,
11  2010) (Kay, J) ("The party asserting diversity jurisdiction bears the burden of proof. Therefore, if
12  the plaintiff makes no allegations in the complaint respecting the citizenship of the defendant(s)
13  or the plaintiff(s), the district court cannot properly exercise diversity jurisdiction over the claim."
14  (citation omitted)).

15      2.      Improper Venue

16  Even assuming that plaintiff was able to establish diversity jurisdiction or subject matter
17  jurisdiction in this court, the undersigned further finds that venue is not proper in this district.
18  The federal venue statute requires that all civil actions filed in any district court be brought in "(1)
19  a judicial district where any defendant resides, if all defendants reside in the same State, (2) a
20  judicial district in which a substantial part of the events or omissions giving rise to the claim
21  occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there
22  is no district in which an action may otherwise be brought as provided in this section, any judicial
23  district in which any defendant is subject to the court's personal jurisdiction with respect to such
24  action." 28 U.S.C. § 1391(b).

25  Plaintiff's pleading makes clear that the Eastern District of California is not the proper
26  venue in which to bring this case. The address listed for defendant (701 Western Avenue,
27  Glendale, California 91202, see Compl. 1) is located in the Central District of California, and the
28  alleged acts giving rise to the claim are all alleged to have occurred in Los Angeles, located in the

1  Central District of California.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)

2  (where all defendants resided in Alaska and "virtually all of the activity providing the basis of the

3  complaint took place" there, district court properly concluded that it lacked venue).  "The district

4  court of a district in which is filed a case laying venue in the wrong division or district shall

5  dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it

6  could have been brought."  28 U.S.C. § 1406(a).  Given the allegations in the pleading, this matter

7  should have been brought in the district where the defendant resides or in the district where the

8  allegations supporting the cause of action occurred, not in the Eastern District of California.

9        "Venue may be raised by the court sua sponte where the defendant has not filed a

10  responsive pleading and the time to do so has not run," see Lawrie v. Cline, No. 11-cv-1235 SBA

11  (PR), 2011 WL 7121807, at *2 (N.D. Cal. Nov. 4, 2011) (unpublished) (transferring case at

12  screening under 28 U.S.C. § 1915A(a)).  Here, defendant has not filed a responsive pleading and

13  the time for doing so has not run; service of the pleading has not been ordered and no answer is

14  on file.

15        Accordingly, pursuant to 28 U.S.C. § 1406(a) (court "shall dismiss" for improper venue),

16  the undersigned recommends that this case be dismissed.

17        Moreover, the court notes that this complaint appears to be one of several hundred

18  frivolous complaints that plaintiff has filed all over the country.  See Ajuluchuku–Levy v.

19  Schleifer, 2009 WL 4890768, at *7 (E.D.N.Y. Dec. 15, 2009) ("[A] survey of the dockets of the

20  United States district courts reveals that as of the date of this Order, Plaintiff has commenced two

21  hundred fifty-eight (258) actions in various district courts across the United States. Several

22  district courts have noted that "the 'overwhelming majority' of cases filed by plaintiff have been

23  totally without merit.") (quoting Ajuluchuku v. Southern New England School of Law, 2006 WL

24  2661232, at *3 (N.D. Ga. Sep. 14, 2006)).  In light of plaintiff's frivolous allegations herein, as

25  well as her history of filing frivolous actions containing many of the same allegations, the court

26  will recommend that this action be dismissed without leave to amend pursuant to 28 U.S.C.

27  § 1915(e)(2).  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily

28  would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears

1  amendment would be futile).

2      In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to
3  proceed in forma pauperis is granted; and

4      IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed without leave
5  to amend.

6      These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Plaintiff has an
8  opportunity to oppose by filing objections to these findings and recommendations.  Within
9  fourteen days after being served with these findings and recommendations, she may file written
10 objections with the court and serve all parties.  Such documents should be titled "Objections to
11 Magistrate Judge's Findings and Recommendations."  Replies to the objection shall be served and
12 filed within ten days after service of the objections.  Failure to file objections within the specified
13 time may waive the right to appeal the District Court's order.  See generally Martinez v. Ylst, 951
14 F.2d 1153 (9th Cir. 1991).

15 DATED: August 19, 2013

16 _____
17 ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

/mb;levy1360.ifpgrant.dism